UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 05-80467

DAVID MORRIS ALLEN,             Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 11, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On January 13, 2006, a jury convicted Defendant David Morris Allen of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Presently before this Court is Defendant's Motion for New Trial, filed on April 14, 2006. The Court has not yet conducted sentencing proceedings.

Defendant bases his Motion for New Trial on ineffective assistance of trial counsel. Rule 33 of the Federal Rules of Criminal Procedure governs the filing of a motion for a new trial and provides, in part, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P.

33(a).

Before turning to the merits of Defendant's Motion, the Court must first determine whether ineffective assistance of counsel can be the basis of a motion for a new trial. In its Response, the government argues that claims of ineffective assistance of counsel should be pursued in a motion to vacate sentence under 28 U.S.C. § 2255, citing *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690 (2003).

In *Massaro*, the United States Supreme Court held that a defendant may raise claims of ineffective assistance of counsel in a collateral proceeding, even though the defendant did not raise such claims on direct appeal. *Id.* at 509, 123 S. Ct. at 1696. The Court stated that rather than requiring ineffective assistance of counsel claims to be raised on direct appeal, before they may be raised in a collateral proceeding:

> The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255. We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claim of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and this often incomplete or inadequate for this purpose.

*Id.* at 504-05, 123 S. Ct. at 1694.

In support of its argument, the government points to the fact that the Sixth Circuit has held that it will not review ineffective assistance of counsel claims on direct appeal; rather, the Sixth Circuit prefers to address such claims in a § 2255 proceeding. *See United States v. Davis*, 306 F.3d 398, 422 (6th Cir. 2002); *United States v. Shabbazz*, 263

F.3d 603, 612 (6th Cir. 2001). This, however, is not a direct appeal; rather, Defendant has filed a motion for new trial. Therefore, the Court believes that the cases cited by the government are inapplicable.

Courts have allowed defendants to bring a motion for new trial on the basis of ineffective assistance of counsel. *See, e.g.*, *United States v. Box*, 144 F. Supp. 2d 892, 901 (W.D. Mich. 2001) ("The permissible reasons for granting new trial . . . are not limited by [Rule 33] and include ineffective assistance of counsel."). The standard for judging ineffective assistance of counsel in the context of a Rule 33 motion are those specified by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . . . ." *Box*, 144 F. Supp. 2d at 901.

"As all Federal Courts of Appeals have now held, the proper standard for attorney performance is reasonably effective assistance of counsel." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. A claim of ineffective assistance of counsel is judged under a two-part test. *See id.*, 104 S. Ct. at 2064. First, the petitioner must show that counsel's performance was deficient by showing that it fell below an objective standard of reasonableness according to prevailing norms of the legal profession. *Id.* at 690, 104 S. Ct. at 2066. Counsel's performance is deficient if it falls "outside the wide range of professionally competent assistance." *Id.* However, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Second, the petitioner must show that counsel's performance prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. Counsel's deficiency results in prejudice if "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Defendant argues that the following acts and omissions of trial counsel, when viewed as a whole, deprived him of a meaningful defense: 1) failing to investigate and call witnesses in support of the claim that Defendant was one of perhaps dozens of persons who were on the ground outside of Club Fabulous, where the arrest occurred; 2) setting forth the defense that the weapon did not travel in interstate commerce; and 3) advancing a frivolous claim that the serial number on the gun was confusing because some reports had "U.S." after the serial number, while others did not.  However, the Court does not believe that these acts and omissions, viewed separately or as a whole, meet the *Strickland* standard for ineffective assistance of counsel.

First, Defendant argues that trial counsel failed to investigate and call witnesses in support of the claim that Defendant Allen was one of perhaps dozens of persons who were on the ground outside of the Club Fabulous, where the arrest occurred.  At trial Officer Hughes testified that Allen was the only person outside of the club at the time of the raid.  (Tr. Vol I, pp. 114, 131).  To rebut this testimony, trial counsel relied on a police report indicating the presence of thirty to fifty persons outside the club, although the report was from surveillance conducted two hours prior to Allen's arrest.

Defendant, however, fails to offer any affidavits from these witnesses in support of his allegations that they would have testified as alleged.  Moreover, even if Defendant could establish that these witnesses would have testified as alleged, the Court does not believe that the result would have been different.  Officer Hughes testified that he saw

4

Defendant Allen holding a handgun and then he saw him toss the gun.  (Tr. Vol. I, pp. 111-14).  Consequently, even if trial counsel had offered testimony from other witnesses that there were dozens of people on the ground outside of the club, the Court does not believe that the result would have been different where the government offered the eye-witness testimony of Officer Hughes who contends he saw Allen toss a handgun.

Second, Defendant contends that trial counsel was ineffective because he set forth the defense that the weapon did not travel in interstate commerce, as required by 18 U.S.C. § 922(g)(1).[1]  During his opening statement, defense counsel mentioned that the government would have to prove "an interstate nexus" and that the "firearm had previously traveled in interstate commerce."  (Tr. Vol. I., pp. 93, 94).  Defendant Allen contends that "that defense was not really pursued through trial other than the suggestion through cross-examination of Officer Hughes and asking what the difference was between 'interstate' and 'intrastate.'  In reality, that defense was abandoned as soon as it was advanced . . . ." (Br. in Supp. of Mot. at 6).

However, the Court is not convinced that this was actually a "defense" advanced by trial counsel or that trial counsel was ineffective for abandoning such a defense.  Defendant admits that "the evidence was overwhelming that the gun was manufactured in Austria, shipped in parts to Smyrna, Georgia, where it was assembled and after that point,

---

[1] 18 U.S.C. § 922(g)(1) provides that it shall be unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

all we know for certain is that it ended up being sold in a gun shop in Royal Oak, Michigan." (Br. in Supp. of Mot. at 6). Therefore, the Court does not believe that defense counsel violated any objective standards of reasonableness by abandoning a frivolous defense.

Third, Defendant contends that trial counsel was ineffective because he made a frivolous claim that the serial number on the gun was confusing because some reports had "U.S." after the serial number, while others did not. Defendant argues that defense counsel confused the jury by making this assertion without offering any factual support for this claim.

Just before trial was to begin, the parties notified the Court that there was an issue with the handgun's serial number listed in the indictment. (*See* Tr. Vol. I., p. 4). Although the actual serial number on the gun matched the number listed on the indictment, the indictment did not contain the "U.S." following the serial number that was stamped on the gun. The government moved to amend the serial number in the indictment to add the "U.S."

Defendant opposed the motion and argued "that serial number without the 'U.S.' is a different weapon than the serial number with the 'U.S.' They're two separate guns." (Tr. Vol. I, p. 9; *see also* Tr. Vol. I, pp. 10-11).

The Court found that there was no reason to amend the indictment and denied the government's motion. (Tr. Vol. I, p. 15). All of this occurred outside of the presence of the jury.

In his brief, Defendant argues that defense counsel "never produced any evidence to

6

bolster his claim to this Court and to the jury that the serial number with 'U.S.' and the serial number without those letters constituted two different guns." (Br. in Supp. of Mot. at 5). First, the Court does not believe that trial counsel's performance was deficient or fell below the objective standard of reasonableness because he failed to produce evidence to bolster a "frivolous" claim. Second, the Court does not believe that he clearly asserted any such claim to the jury. Defendant fails to cite to any instances in the record where defense counsel clearly asserted to the jury that the guns were different. Moreover, although defense counsel made various references to the serial number throughout the trial, the only time defense counsel clearly asserted the argument that there were two different guns was outside of the jury's presence, before trial, which could not have caused juror confusion.

Finally, in his brief, Defendant argues that trial counsel was also ineffective for stating, during his closing, that Officer Hughes "told the truth" and was one of Detroit's "finest" police officers. (Tr. Vol. III, p. 43). Those statements, when taken in context, do not fall below the objective standard of reasonableness where trial counsel stated:

> Officer Hughes, based on his experience and the way he testified is honest. He's one of Detroit's finest police officers that ever served on that police force. He did not lie to you. He told you the truth.
>
> * * *
>
> This is not a credibility contest. [Officer Hughes and Defendant Allen are] both telling you the truth. . . . How can they both be telling me the truth and be in opposite positions? Because Officer Nevin Hughes is making a big mistake. He's making a mistake. It is that simple.

(Tr. Vol. III, pp. 42-43).

7

Thus, trial counsel asserted that although Officer Hughes believed he was telling the truth, he was actually making a mistake in that it was not Allen who tossed the handgun; rather, it was someone else outside of the club who tossed the handgun. (Tr. Vol. III, p. 45).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial is **DENIED**.


                                 s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Terrence Haughabook, AUSA
David S. .Steingold, Esq.