UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID MORRIS ALLEN,                    Case No. 05-CR-80467

    Defendant.                         Honorable Patrick J. Duggan
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on July 20, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On January 13, 2006, a jury convicted Defendant David Morris Allen of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On April 14, 2006, Defendant filed a motion for a new trial.[1] On July 11, 2006, the Court denied Defendant's motion for new trial. Presently before the Court is Defendant's motion for reconsideration,

---

[1] Although Rule 33(b)(2) of the Federal Rules of Criminal Procedure requires a motion for a new trial on a ground other than newly discovered evidence to be filed within 7 days after the verdict of guilty, Rule 45(b)(1)(A) permits the Court to extend that period of time if a request is made within the 7-day period. In this case, Defendant requested a time extension within the 7-day period and was permitted a period of 7 days after the trial transcripts were filed to file his motion for new trial. The trial transcripts were filed on March 31, 2006. Defendant did not file his motion for new trial until April 14, 2006, which was beyond the 7-day period provided in the Court's Order. Because the Government did not assert this as a ground for denying the motion for a new trial, the Court did not base its decision denying the new trial on the failure to "timely" file the motion for a motion for new trial. *See Eberhart v. United States*, 126 S. Ct. 403, 407 (2005) (holding that Rule 33's time limits are not jurisdictional, and thus, because the government did not object to the defendant's motion for new trial as untimely, the district and appellate courts properly reached the merits of the defendant's motion).

filed on July 17, 2006.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Arguments that the defendant could have but did not present in the original motion should not be considered in a motion for reconsideration.

In this case, Defendant merely presents the same arguments raised in his original motion for new trial, except the motion for reconsideration includes an affidavit which could have and should have been a part of the original motion.  In Defendant's initial motion for new trial, Defendant argued that there were "many people on the street at the time the police raided Club Fabulous contrary to the testimony of the police officers in this case."  (Mot. at ¶3).  In this Court's Opinion denying Defendant's motion for new trial, the Court noted that Defendant "fail[ed] to offer any affidavits from these witnesses in support of his allegations that they would have testified as alleged."  (7/11/06 Op. at 4).  In his motion for reconsideration, Defendant again asserts that witnesses would testify that there were many people on the street at the time the police raided Club Fabulous and offers the affidavit of Ibrendica Corchelle Buchanan to support this claim.  Ms. Buchanan's affidavit asserts that she "observed between ten and twenty people outside of Club Fabulous as the police ran to

the scene and ordered everyone to get down on the ground." (Mot. for Reconsider. Ex. A, Buchanan Aff. ¶9).

This affidavit will not be considered by the Court because it was not made a part of the original motion.[2]  Defendant knew that this was going to be one of the bases for new trial and Defendant had between January 13, 2006, the date of his conviction, and April 14, 2006, the date he filed his motion for new trial, to obtain affidavits from individuals in support of his motion for a new trial.  Defendant did not need to wait until the trial transcripts were filed to pursue this ground for relief.

Furthermore, even if the Court were to consider the testimony of Ms. Buchanan that there were numerous people outside the Club Fabulous at the time Defendant was arrested, as the Court indicated in its Opinion denying Defendant's motion for new trial, the Court does not believe that the result would have been different. (*See* 7/11/06 Op. at 4).  Defendant has offered no evidence that, had prior counsel called any of these witnesses on Defendant's behalf, any of them could offer testimony to refute Officer Hughes's testimony that he saw the Defendant toss a handgun onto the ground near a fire hydrant.  In fact, Ms. Buchanan's affidavit does not indicate that she observed anything other than the fact that there were other people outside the Club when the police began the raid.  There is nothing in her affidavit that indicates that she could refute Officer Hughes's testimony that he observed a gun in Defendant's hand and that he observed Defendant toss the gun.  Therefore, it was not, in this

---

[2] Defendant was aware of his belief that there were many people outside Club Fabulous at the time he was arrested because he so testified at trial.

Court's opinion, ineffective assistance of trial counsel to fail to call an individual who may have been at the scene but who could offer no testimony with respect to whether or not Defendant possessed or tossed a gun.

In this Court's opinion, the remaining issues raised by Defendant in his motion for reconsideration were already ruled upon by the Court, either expressly or by implication, in its Opinion and Order, dated July 11, 2006. *See* E.D. MICH. L.R. 7.1(g)(3). Therefore, the Court declines to address these issues. Because Defendant has not alleged any "palpable defect by which the court and the parties have been misled," E.D. MICH. L.R. 7.1(g)(3), Defendant has failed to state a ground for reconsideration.

For the reasons set forth above, Defendant's Motion for Reconsideration is **DENIED.**

**SO ORDERED.**

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Terrence Haugabook, A.U.S.A.
David S. Steingold, Esq.